**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**TARAN BLACK,**

**Plaintiff,**

**v.** **CASE NO. 3:22-cv-24175-MCR-ZCB**

**NOAH I. DUFOUR, individually as an officer of the Pensacola Police Department,**

**Defendant.**

**______________________________/**

**ORDER**

Plaintiff Taran Black filed this civil rights suit pursuant to 42 U.S.C. § 1983, raising constitutional claims against Defendant Officer Noah I. DuFour, in his individual capacity. Pending is Defendant's Motion to Dismiss, ECF No. 15, and Plaintiff's Motion for Summary Judgment, ECF No. 16. On consideration, the Motion to Dismiss is granted and the Motion for Summary Judgment is denied as moot.

## I. Background

According to the Amended Complaint,[1] Black was driving his vehicle on January 27, 2020, when Pensacola Police Officer DuFour initiated a traffic stop for

[1] The Amended Complaint has several attachments including a traffic citation hearing transcript and video recordings—derived from Officer DuFour's dashcam and bodycam—of the events that transpired. ECF No. 12-1 to 12-4. The parties do not dispute the authenticity of these

an alleged seatbelt violation. ECF No. 12. Officer DuFour initiated the traffic stop by activating his patrol car's overhead lights. Black continued driving his vehicle at a stable speed and nonerratic manner for approximately four blocks before parking in a location where he felt "comfortable." *See* ECF No. 12-1, 12-2. After approaching the vehicle with his gun drawn, Officer DuFour ordered Black to get out of the vehicle. Black removed his seatbelt, complied immediately, and offered no resistance. Officer DuFour proceeded to immediately holster his gun and placed Black in handcuffs. Officer DuFour ultimately uncuffed Black and issued a seatbelt violation citation after checking Black's license and vehicle registration. Afterwards, a Traffic Hearing Officer held a hearing where Officer Dufour stated that prior to initiating the traffic stop, he had seen a "flash of light" from Black's unbuckled seatbelt. *See* ECF No. 12-4, 12-3. Black's case went to trial, and he was found not guilty of the seatbelt violation. *Id.*

---

attachments and go on to cite these attachments in their respective motions. The Court considers these attachments. *See, e.g., Basson v. Mortg. Elec. Reg. Sys., Inc.,* 741 F. App'x 770, 771 (11th Cir. 2018) (stating that attachments "to the complaint are part of the pleadings" and can therefore be considered on a motion to dismiss); *Kubisiak v. Gualtieri*, No. 8:22-cv-2356-WFJ-SPF, 2022 WL 17360960 at *3 n.1 (M.D. Fla. Dec. 1, 2022) (finding that because a video "is of undisputed authenticity and central to and referenced in Plaintiff's Complaint, permitting the Court's consideration of the document at the motion to dismiss stage" (citing *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018))).

While Officer DuFour did not charge Black for felony fleeing or eluding pursuant to section 316.1935, Florida Statutes, Officer DuFour said he had been "on alert from . . . [Black's] seemingly inexplicable failure to stop his vehicle." ECF No. 15 at 4; *see also* 12-1, 12-2. Black told Officer DuFour that his reason for not stopping was because "when dealing with law enforcement when you are driving, you have the right to continue on until you get to an area where you feel comfortable." ECF No. 12-1, 12-2.

Black brings this civil rights suit, alleging 42 U.S.C § 1983 false arrest (Count I) and excessive use of force (Count II) in violation of the Fourth Amendment of the Constitution.[2] ECF No. 12 at 10-14. Officer DuFour now moves to dismiss Black's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that he is entitled to qualified immunity and the "Amended Complaint, with attachments, establishes that there was probable cause to initiate the subject traffic stop and . . . for [Black's] detention, arrest, citation, and prosecution" and "the amount of force used . . . was de minimis, reasonable, and justified under the circumstances." ECF No. 15 at 2. In response, Black argues that the Amended

[2] Section 1983 establishes "a private cause of action for deprivations of federal rights by persons acting under color of state law." *Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 (11th Cir. 2014) (citing 42 U.S.C. § 1983).

Complaint and its attachments, when taken from his perspective, establish that Officer DuFour "falsely arrested and used excessive and unreasonable force" because he "had no basis . . . to make the traffic stop." ECF No. 16 at 5. Additionally, Black moves for summary judgment on Officer DuFour's qualified immunity defense.

## II. Legal Standard

A motion pursuant to Rule 12(b)(6) seeks dismissal of the complaint for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss on this basis, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008). The allegations of the complaint must "state a claim to relief that is plausible on its face" when viewed in this manner. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the allegations in the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions must be supported by factual allegations, and the tenet that allegations of the complaint must be accepted as true does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678; *Chandler v. Secretary of Fla. Dept. of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). The Court limits its "consideration

to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Rule 12(b)(6) authorizes a court to dismiss a complaint on a dispositive issue of law when the facts of the complaint, accepted as true, do not plausibly state a claim. *Iqbal*, 556 U.S. at 678. Additionally, "a complaint is subject to dismissal under Rule 12(b)(6) when its factual allegations, on their face, establish an affirmative defense that bars recovery." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023).

**III. Discussion**

Once Officer DuFour "raises the affirmative defense of qualified immunity, the district court must dismiss any claims that do not allege a violation of clearly established law." *Id.* The doctrine of qualified immunity shields government officials performing discretionary functions from personal liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[3] *Pearson v.*

[3] Recognition of qualified immunity "reflects an attempt to balance competing values: not only the importance of a damages remedy to protect the rights of citizens, but also the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Simmons v. Bradshaw*, 879 F.3d 1157, 1162 (11th Cir. 2018). To that end, the doctrine gives officials room to make reasonable but mistaken judgments about open legal questions. *See Malley v. Briggs*, 475 U.S. 335, 343 (1986).

*Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). For qualified immunity to apply, a government official first must establish he was acting within his discretionary authority when the allegedly unlawful acts occurred. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). Once this showing is made, the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity. *Id.* To overcome qualified immunity, the plaintiff must establish that: (1) the official's conduct violated a statutory or constitutional right; and (2) the right at issue was clearly established at the time of the violation such that every reasonable official would have understood his conduct was unlawful in the circumstances he confronted. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).

Specific to the "context of a claim of false arrest, an officer is entitled to qualified immunity where the officer had [probable cause, or] at least arguable probable cause for the arrest." *Bloom v. Alvereze*, 498 F. App'x. 867, 878-79 (11th Cir. 2012). Probable cause to arrest exists when the circumstances, "viewed from the perspective of a reasonable officer, establish a probability or substantial chance of criminal activity." *Washington v. Howard*, 25 F.4th 891, 898-99 (11th Cir. 2022) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) and noting that

---

When properly applied, it protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* at 341.

probable cause is "not a high bar"). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Baxter v. Roberts*, 54 F.4th 1241, 1265 (11th Cir. 2022) (quoting *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)). Arguable probable cause exists when "a reasonable officer, looking at the entire legal landscape at the time of the arrests, could have interpreted the law as permitting the arrests." *Wesby*, 138 S. Ct. at 593*; see also Wilkerson v. Seymour*, 736 F.3d 974, 979 (11th Cir. 2013) ("[A]n arrest may be for a different crime from the one for which probable cause actually exists, . . . but arguable probable cause to arrest for some offense must exist in order for officers to assert qualified immunity from suit.").

*Count I: False Arrest*

The Court finds that because Officer DuFour had arguable probable cause to arrest Black, Officer DuFour is entitled to qualified immunity. *See McKally v. Perez*, 87 F.Supp.3d 1310, 1315 (S.D. Fla. 2015) (noting that "arguable probable cause . . . is all that is required for qualified immunity to be applicable to an arresting officer" (citation and quote omitted)). Here, it is undisputed that Officer DuFour was acting within his discretionary authority and that the Fourth Amendment right from unreasonable seizures is clearly established. Therefore, the Court considers whether

the allegations of the Amended Complaint sufficiently plead that Officer DuFour lacked arguable probable cause to conduct Black's arrest. While Officer DuFour claims he had arguable probable cause to arrest Black for a seatbelt violation and for fleeing or attempting to elude a law enforcement officer, the Court finds that at this stage in the case, arguable probable cause exists only for fleeing or attempting to elude a law enforcement officer, as discussed below. *See Manners v. Cannella*, 891 F.3d 959, 969 (11th Cir. 2018) (finding that "probable cause need only exist for one offense to justify [a motorist's] warrantless arrest").

To the extent Black's false arrest claim is based on a seatbelt violation, there is a genuine issue of disputed material fact as to whether Officer DuFour had arguable probable cause to arrest.[4] *See Kahn v. Portfolio Recovery Assoc., LLC*, No. 8:10-cv-2399-T-26TGW, 2011 WL 223870, at *1 (M.D. Fla. Jan. 24, 2011) (stating that "[o]n a motion to dismiss, the Court may not engage any resolving factual disputes"). Therefore, the Court cannot base its finding that Officer DuFour was entitled to qualified immunity on this ground. *See Manners v. Cannella*, 891 F.3d

[4] The seatbelt violation was Officer DuFour's initial justification for the traffic stop and Black consistently asserts he was wearing his seatbelt, while Officer DuFour consistently asserts he was not. *See* Fla. Stat. § 316.614(4)(b) ("It is unlawful for any person . . . [t]o operate a motor vehicle or an autocycle in this state unless the person is restrained by a safety belt."). The videos do not resolve this dispute as they are unclear as to whether Black was properly wearing his seatbelt at the exact moment Officer DuFour commenced the traffic stop.

959, 967 (11th Cir. 2018) (stating that a district court could not make a probable cause determination where there was a material factual dispute as to whether a motorist ran a stop sign); *Llorente v. Demings*, 743 F. App'x 327, 329 (11th Cir. 2018) (stating that "when there are multiple reasonable determinations of the facts, the existence of probable cause in a § 1983 action presents a jury question").

However, Officer DuFour is entitled to qualified immunity because he had probable cause, or at least, arguable probable cause to arrest Black for fleeing or attempting to elude a law enforcement officer. *See similarly Manners,* 891 F.3d at 970-71 (finding probable cause for the offense of fleeing or attempting to elude a law enforcement officer under Florida law after a motorist continued driving for three blocks without increasing speed in order to park in a well-lit gas station); Fla. Stat. § 316.1935(1) ("Fleeing or attempting to elude a law enforcement officer" is considered a felony.).[5] It is undisputed that Officer DuFour ordered Black to stop his vehicle by activating his patrol car's overhead lights; however, Black continued driving for approximately four blocks. Black himself admits he made the conscious

[5] More specifically, Fla. Stat. § 316.1935(1) states that "it is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree[.]" *Id.*

decision to continue driving to find a parking location where he felt "comfortable." *See* ECF No. 12-1, 12-2. Additionally, the videos attached to the Amended Complaint show that Black did not provide Officer DuFour with any indication that he was planning to stop. Therefore, a reasonable officer, could have thought that Black "had committed the offense of fleeing or attempting to elude a law enforcement officer." *Manners,* 891 F.3d at 971 (finding that the arresting officer was not "deprived" of probable cause after a motorist "knowingly stopped when he chose to do so, rather than when he was directed to do so, for reasons that may be understandable").

*Count II: Excessive Force*[6]

Officer DuFour argues that Black's excessive force claim (Count II) should also be dismissed for failure to state a claim. The Court agrees. It is well-settled that the Fourth Amendment protects an arrestee against the unreasonable use of force during a seizure.[7] *Draper v. Reynolds*, 369 F.3d 1270, 1277-78 (11th Cir. 2004)

[6] The Eleventh Circuit has held that "false arrest and excessive force claims are related, but the resolution of the latter does not follow from the resolution of the former." *Richmond v. Badia*, 47 F.4th 1172, 1182 (11th Cir. 2022) ("conclud [ing] that Badia has qualified immunity for the false arrest claim does not mean that he has qualified immunity for the excessive force claim"). Therefore, the Court must "independently evaluate" if Officer DuFour used excessive force. *Id.*

[7] More specifically, to determine if there has been a Fourth Amendment excessive force violation, a court views an officer's actions through an objective reasonableness standard, and should remain mindful that officers are often forced to make split-second decisions about the amount of force that is reasonably necessary "in circumstances that are tense, uncertain, and

(stating it is equally well-settled that "the right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it"). An officer is not justified in using any force when an officer makes an arrest in the absence of probable cause. *Bashir v. Rockdale Cnty.*, 445 F.3d 1323, 1332 (11th Cir. 2006) ("[I]f an arresting officer does not have the right to make an arrest, he does not have the right to use any degree of force in making that arrest."). However, if a "Plaintiff's excessive force claim is entirely derivative of Plaintiffs' false arrest claim [it] fails as a matter of law." *Derowitsch v. Granger*, 783 F. App'x 979, 985 (11th Cir. 2019).

Here, Black does not present a discrete claim for excessive force since Count II states that "[n]o force at all was authorized or necessary to be used against Plaintiff as there existed no reason to detain and no probable cause to arrest[.]" ECF No. 12 at 13. *See Derowitsch*, 783 F. App'x at 985 (finding "Plaintiffs assert only that the handcuffing was excessive because any force used to effect an unlawful arrest is

rapidly evolving," *Graham v. Connor*, 490 U.S. 386, 397 (1989). This requires examination of "(1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002). Thus, any use of force in carrying out an arrest " 'must be reasonably proportionate to the need for that force,' " and, pursuant to the standards set forth by the Supreme Court in *Graham*, this is measured by the severity of the crime, whether the suspect posed an immediate threat to the safety of officers and others, and whether there was active resistance or a risk of flight. *Id.* (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002)).

unreasonable" and rejecting the claim as encompassed within the false arrest claim). Therefore, because it is "entirely derivative" of Black's false arrest claim, Count II fails as a matter of law." *Id.*

Accordingly:

1. Defendant's Motion to Dismiss, ECF No. 15, is **GRANTED**, ECF No. 8 is moot by the Amended Complaint.
2. Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED** as moot.

**DONE AND ORDERED** this 29th day of September 2023.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**